UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOAN HALLAM,

Plaintiff

[redacted] 05 335 ML

v.

C.A. NO. ____________

JAY-KAY CORPORATION d/b/a
La-Z-Boy Galleries,
Defendant

## COMPLAINT

### INTRODUCTORY STATEMENT

This action is commenced by JOAN HALLAM (hereinafter "Plaintiff" or "HALLAM") against JAY-KAY CORPORATION d/b/a La-Z-Boy Galleries (hereinafter "Defendant(s)" or "company" or "employer") in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, based on gender, age, and/or disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. Sections 12001 *et seq.*; the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1 *et seq.*, in addition to other federal state and common law claims.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of, *inter alia*, Sec. 107(a) of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. Sec.12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 USC Sections 2000e-5(f)(1) and (3), and pertinent provisions of the ADEA, 29 U.S.C. § 621-634. Plaintiff also invokes the jurisdiction of this Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. Sec. 1332 *et seq.* , in that the parties are residents, are domiciled, and/are incorporated in different states. Based on current good faith information and belief, the amount in controversy, exclusive of interest and costs, will exceed $75,000.00, or any other statutory minimum, vesting jurisdiction in this Court.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to inter alia, 28 U.S.C. 1391 (b).

4. On November 22, 2004, filed an Amended Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal

Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her gender, disability and/or age, and had been the victim of retaliation—RICHR # 05ESE052-40/40; EEOC #: 16JA500012 (EXHIBIT A).

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court, including receiving Right To Sue authorization from pertinent state and federal agencies (EXHIBIT B, C).

THE PARTIES

6. The Plaintiff, Joan Hallam ("Hallam" or "Plaintiff"), an individual, is a resident and domiciliary of the City of West Warwick, Rhode Island.

7. On information and belief, the Defendant(s) is a foreign corporation authorized by appropriate state authority to conduct business in the State of Rhode Island, and maintaining offices and principle places of business as follows: La-Z-Boy Galleries – 1755 Bald Hill Road; West Warwick, RI 02893; and JAY-KAY CORPORATION – 110 Faunce Corner Road; North Dartmouth, MA 02747.

8. On information and belief, the Defendants are sufficiently joined and intertwined in terms of ownership, corporate direction, financial matters, workplace policies and practices, and other indicia of common ownership and control to be

determined to be a single employer or, in the alternative, joint employers for the purposes of all claims at issue in this action, and to be held jointly and severally liable.

9. At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 25 or more employees in the State of Rhode Island, in their business of retail furniture sales.

10. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the Age Discrimination In Employment Act ("ADEA"), as defined in § 11(g) of the ADEA (29 U.S.C.S. § 630(g) and § 11(h) of the ADEA (29 U.S.C.S. § 630(h)); Sec. 101(5) of the ADA, 42 U.S.C. Sec.12111(5), and Sec.107(a) of the ADA, 42 U.S.C. Sec.12117(a), which incorporates by reference Sections701(g) and (h) of Title VII; and as those terms are applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec.2000e et seq.

11. At all times material to the allegations of this Complaint, the Defendants were and are an "employer" or otherwise a covered entity within the meaning of pertinent provisions of the ADEA, as defined in § 11(b) of the ADEA (29 USCS § 630(b)); Sec. 101(2) of the ADA, 42 U.S.C. Sec.1211(2); and as applicable to pertinent provisions of Title VII.

12. At all times material to the allegations of this Complaint, Kurtzman held the status of an "individual" within the meaning of pertinent provisions defining that term under the ADEA and Title VII; and qualified(ies) as a person with a disability under 42 U.S.C. 12112(a).

13. At all times pertinent to the allegations of this Complaint, Hallam held the status of a person with a disability, as defined in Section3(2) of the ADA, 42 U.S.C. 12102, and also pursuant to Rhode Island law, because she:

a. has a physical or emotional impairment that substantially limits one or more of her major life activities;

b. has a record of such an impairment; and/or

c. is and was regarded by the Defendants as having such an impairment.

14. On information and belief, and at all times material to the allegations of this Complaint, managers and supervisors of the Defendants engaging in discriminatory and unlawful workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as an agent of the Defendants, and the Defendants knew or reasonably should have known of their unlawful conduct.

FACTS APPLICABLE TO EACH COUNT

15. Hallam was employed by Defendants for approximately 5 and ½ years.

16. At the time of the events pertinent to this action, Hallam was a sales associate in the Defendants' store located at 1755 Bald Hill Road; West Warwick, RI 02893.

17. Hallam was born on March 1, 1952. At the time of events pertinent to this action, Hallam was 52 years of age.

18. Hallam is a female.

19. At all times, Hallam performed her job duties in a satisfactory manner that met or exceeded, in all respects, the Defendants' legitimate expectations, and consistently achieved store and individual sales goals.

20. Hallam was forced to take a medical leave of absence, of approximately 12 weeks duration, in order to seek medical treatment attendant to a benign brain tumor, issues related to a hysterectomy, and other health issues.

21. Approximately two weeks after she returned from her medical leave, on or about February 24, 2004, Hallam received notification that she was terminated

22. Hallam, based on her seniority, experience, work history, and other pertinent factors, was demonstrably a suitable employee for her position, and was ready, willing and able to perform the duties of that position.

23. Since Hallam's termination, based on reasonable information and belief, the Defendants advertised for a replacement candidate to fill Hallam's vacated position, clearly establishing that the position was available and needed to be filled.

24. By all appearances, prior to her discharge, Hallam was a valued and respected member of the Defendants' sales force.

25. Following her medical leave, within two weeks of her return, she was terminated, without ever having been disciplined or receiving any warnings or other indicia of employer dissatisfaction regarding her sales levels or any aspect of her work performance.

26. Based on reasonable information and belief, following her discharge, Hallam's duties were performed by individuals who were not in the protected age category and/or younger than Hallam.

27. Based on reasonable information and belief, following her discharge, Hallam's duties were performed by a male employee(s).

28. Based on reasonable information and belief, following her discharge, Hallam's duties were performed by individuals who did not suffer from a medical

impairment or who were not regarded by the Defendants as suffering from such an impairment.

29. At all times, other than that period during which the Plaintiff was absent on approved medical leave for purposes of the treatment of her medical condition(s) and recuperation therefrom, she was able and available, with or without reasonable accommodation, to perform the essential functions of her position.

30. At the time of her termination, Plaintiff was given no legitimate reason for her termination.

31. At the time of her termination, Plaintiff was simply given a letter stating, *inter alia,* that she would receive 2-weeks pay, "to clean up any potential vacation," as well as "commissions through the month of May."

32. With respect to the terms and conditions of her employment, Plaintiff has been treated in a disparate fashion as compared to male employee.

33. With respect to the terms and conditions of her termination, including the options that were made available to her relative to her separation from her employment, Plaintiff was treated in a disparate fashion as compared to male employees.

34. Plaintiff was terminated because of her gender, her age, and/or her medical impairment(s) (or because the Defendants regarded her as suffering from such perception of that impairment.)

35. Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on age and/or gender and/or disability status.

36. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her age and/or gender and/or disability status.

37. The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

COUNT I
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
R.I.G.L. SECTION 42-112-1

38. The allegations contained in Paragraphs 1-37 above are incorporated herein by reference in their entirety.

39. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age and/or gender and/or disability status;
b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;
c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her age and/or gender and/or disability status;
d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation.

40. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's age and/or gender and/or disability status. Such practices include, but are not limited to, Defendant's:

a.) subjecting plaintiff to discriminatory terms and conditions of employment because of her age and/or gender and/or disability status;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on age and/or gender and/or disability status; and

c.) denying Plaintiff positions for which she was the best qualified candidate because of her age and/or gender and/or disability status;

d.) terminating Plaintiff.

41. But for the Defendants' intent to discriminate against Plaintiff because of her age and/or gender and/or disability status, Defendants would not have subjected Plaintiff to discriminatory terms and conditions of employment, or terminated her.

42. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's age and/or gender and/or disability status. The Defendants' conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
AGE DISCRIMINATION IN EMPLOYMENT ACT
29 U.S.C. § 621 ET SEQ.

43. Paragraphs 1-37 above are incorporated herein by reference in their entirety.

44. The Defendants' conduct, as otherwise referenced in paragraphs 1-37, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of her age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

45. The Defendants' conduct, as otherwise referenced in paragraphs 1-37, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of her age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

46. The conduct by Defendants referenced in paragraphs 1-37, above, represents a willful violation of § 4(a)(1) and (2) of the ADEA, 29 U.S.C. § 623 (a)(1) and (2), and other sections, by continuously maintaining age-based employment policies which have the intended objective of excluding qualified employees, including Plaintiff, from employment opportunities, solely on the basis of age.

47. Defendants willfully engaged in a policy or practice of arbitrarily and summarily discriminating against employees in the protected age category, including Plaintiff, in violation of the ADEA, 29 U.S.C. § 621 et seq.

48. The Defendants' discriminatory conduct, policies, and practices regarding workplace treatment, compensation, promotion, and retention are violative of the provisions of the ADEA, 29 U.S.C. § 621 et seq., by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her age; and

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

49. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's age. Such practices including, but are not limited to, Defendants':

a.) denying Plaintiff deserved employment because of her age;

b.) terminating Plaintiff.

50. But for the Defendants' intent to discriminate against Plaintiff because of her age, Defendants would not have denied Plaintiff employment opportunities or subjected her to discriminatory terms and conditions of employment or terminated her.

51. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

52. By its conduct, the Employer has failed in its affirmative duty under the ADEA, by its failure to exercise reasonable care and diligence, to maintain a work environment free of discrimination against workers in the protected age category.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT III
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
AND RETALIATION BASED ON AGE AND GENDER AND DISABILITY
RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. § 28-5-1 et seq.

DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
AND RETALIATION BASED ON GENDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. §2002, ET SEQ.

53. Paragraphs 1-37 above are herein incorporated by reference in their entirety.

54. Defendants willfully engaged in a policy or practice of discriminating against the Plaintiff because of her age and/or gender and/or disability status, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA and Title VII.

55. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA and Title VII, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age and/or gender and/or disability status;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her age and/or gender; and/or disability status;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

56. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's age and/or gender and/or disability status. Such practices include, but are not limited to, Defendants':

a.) failing to continue Plaintiff's employment because of her age and/or gender and/or disability status;

b.) subjecting Plaintiff to discriminatory terms and conditions of employment; and

c.) terminating Plaintiff.

57. But for the Defendants' intent to discriminate against Plaintiff because of her age and/or gender and/or disability status, Defendants would not have failed to place Plaintiff or subjected her to discriminatory terms and conditions of employment or terminated her.

58. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT V
AMERICANS WITH DISABILITIES ACT
ADA-42 U.S.C. §12117
Discriminatory Terms and Conditions of Employment
Discriminatory Termination/Retaliation
Failure to Accommodate

59. Paragraphs 1-37 are herein incorporated by reference in their entirety.

60. At all times material to the allegations of the Complaint, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

61. Despite her disability or impairment, Plaintiff was able to perform the essential duties of her position, either with no need for accommodation or with reasonable accommodation.

62. The Defendants have engaged in unlawful employment practices in violation of the ADA, §§102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

63. But for the Defendants' intent to discriminate against Plaintiff because of her status as a qualified person with a disability, Defendants would not have engaged in the conduct alleged in this complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of age and/or gender and/or disability status;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, backpay, frontpay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for their malicious conduct and/or for its reckless and/or callous indifference to the

statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Joan Hallam,
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY ☐ FEPA ☐ EEOC — CHARGE NUMBER (A)

Rhode Island Commission for Human Rights and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | | HOME TELEPHONE (Include Area Code) |
|---|---|---|
| JOAN HALLAM | | 401-823-0988 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 60 HARRIS AVENUE | WEST WARWICK, RI 02893 | 3/1/52 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| La-Z-Boy Galleries | 15+ | 401-823-0390 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1755 BALD HILL ROAD | WEST WARWICK, RI 02893 | Kent |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| JAY-KAY CORPORATION | | 508-993-9092 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 110 FAUNCE CORNER ROAD | NORTH DARTMOUTH, MASSACHUSETTS 02747 | Bristol |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 1/15/04 LATEST
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

**AMENDED CHARGE OF DISCRIMINATION**

NOV 22 2004
R.I.C.H.R.

I am a female. I was born on March 1, 1952 and at the pertinent times at issue in this charge, I was 52 years of age. I was employed by the above-captioned employer in the position of sales associate, at all times performing my duties in a satisfactory manner, meeting or exceeding the employer's legitimate expectations, and consistently achieving the store and individual sales goals. On or about February 24, 2004, I received notification that I was terminated, approximately two weeks after I returned from a medical leave of absence, necessitated by a serious medical condition. I believe that the employer discriminated against me because I am a qualified individual with a disability, and/or because they perceived me as having a disability. Specifically, my medical leave was necessitated by my need to seek medical treatment attendant to a benign brain tumor, issues associated with a hysterectomy, and related health problems. At all times at issue in this charge I was able, with or without reasonable accommodation to perform the essential functions of my job. In addition to demonstrating a bias towards me based on the circumstances of my medical leave and medical impairment, I believe the employer has demonstrated an inclination to favor younger employees.

*Continued on Attached Sheet*

BRIE FANNING
Notary Public of Rhode Island
My Commission Expires 8/13/2007

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Joan M. Hallam 11/19/04
Date Charging Party (Signature)

NOTARY (When necessary for State and Local Requirements)
Brie Fanning 11/19/04

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
Joan M. Hallam

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
Brie Fanning

EEOC FORM 5 (Rev. 06/92)

Charge of Discrimination Continued- Joan Hallam

Upon reasonable information and belief, it is my understanding that since my termination, the employer has advertised for my replacement, indicating that the employer has a need to fill my position, and that a younger person, without a medical disability or who the employer does not perceive as having a medical disability or need for reasonable accommodation, would be considered a viable replacement candidate. I also believe that I was subject to disparate terms and conditions of employment, as compared to certain male employees, with respect to the options available to me relative to the circumstances of my separation. The above conduct violates the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA); Title VII of the Civil Rights Act of 1964; the Rhode Island FEPA, and other state and federal laws.

(B)

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Joan Hallam**
**60 Harris Avenue**
**West Warwick, RI 02893**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2005-00012** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

**Robert L. Sanders,**
**Area Office Director**

MAY 5 2005
*(Date Mailed)*

Enclosure(s)

cc: **Chief Executive Officer**
**LA Z BOY, INC.**
**1284 N. Telegraph Road**
**Monroe, MI 48162**

**Stephen T. Fanning**
**The Law Office of Stephen Thomas Fanning**
**305 South Main Street**
**Providence, Rhode Island 02903**

(C)

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 05 ESE 052

EEOC NO. 16JA400012

In the matter of

Joan Hallam
Complainant

Against

**NOTICE OF RIGHT TO SUE**

La-Z- Boy Galleries and
Jay Kay Corporation
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

6/29/05

Date

MD Évora

Michael D. Évora
Executive Director

*************************************************************************************