**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JOAN HALLAM,

Plaintiff

v. C.A. No. 05-335 ML

JAY-KAY CORPORATION d/b/a
La-Z-Boy Galleries,

Defendant

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

**INTRODUCTORY STATEMENT**

To the extent that a response is or may be required from Defendant Jay-Kay Corporation d/b/a La-Z-Boy Galleries (hereinafter referred to as the "Defendant") to Plaintiff's Introductory Statement, Defendant: (a) denies that it has unlawfully discriminated against Plaintiff; (b) denies that it has engaged in unlawful employment practices; and (c) denies that it is liable to Plaintiff as she has alleged or for any other legal or equitable reason.

**JURISDICTION AND VENUE**

1. This averment contains a conclusion of law to which no responsive pleading appears to be required from the Defendant. To the extent that a response is required, Defendant denies that it is liable to the Plaintiff for any reason or for any amount and denies the amount in controversy between the parties exceeds $75,000.00.

2. This averment contains a conclusion of law to which no responsive pleading appears to be required from the Defendant. To the extent that a response is required, Defendant denies that it is liable to the Plaintiff for any reason, including on account of any of the alleged federal or state law-based claims.

3. Defendant neither admits nor denies that venue is proper in this district. Defendant specifically denies that it has engaged in any unlawful or discriminatory practices.

4. To the extent that a response is required from the Defendant, Defendant neither admits nor denies, but leaves Plaintiff to her proof as to the legal and jurisdictional prerequisites she has undertaken prior to the filing of this lawsuit.

5. Defendant neither admits nor denies, but leaves Plaintiff to her proof as to the legal and jurisdictional prerequisites she has undertaken prior to the filing of this lawsuit.

**THE PARTIES**

6. Defendant admits that Plaintiff is an individual. Defendant neither admits nor denies Plaintiff's residency, but leaves Plaintiff to her proof.

7. Admit.

8. Deny.

9. Deny.

10. Defendant neither admits nor denies, but leaves Plaintiff to her proof.

11. Defendant neither admits nor denies, but leaves Plaintiff to her proof.

12. This averment refers to someone named "Kurtzman," who is unknown to the Defendant. To the extent that the intent of the averment was to allege that Plaintiff was a qualified individual within the meaning of the alleged federal law, Defendant is without sufficient information as to Plaintiff's status and therefore denies same.

13(a), (b) and (c). Defendant is without sufficient information as to whether Plaintiff held the status of a person with a disability, has a physical or emotional impairment or a record of such impairment, and therefore denies same. Defendant denies it regarded the Plaintiff as having such an impairment.

14. Deny.

**FACTS APPLICABLE TO EACH COUNT**

15. Defendant denies that Plaintiff was employed by Defendant for 5 and ½ years. Defendant admits that: (a) Plaintiff was an employee of Defendant; and (b) that she was so employed for approximately 2 years from January 14, 2002 to February 24, 2004.

16. Defendant admits that Plaintiff was employed as a sales associate in the Warwick, Rhode Island store from January 14, 2002 to February 24, 2004. Defendant denies the remainder of the allegation.

17. Defendant neither admits nor denies, but leaves Plaintiff to her proof.

18. Admit.

19. Deny.

20. Defendant is without sufficient information to either admit or deny the facts alleged in this averment and, therefore, and leaves Plaintiff to her proof.

21. Defendant admits that Plaintiff's employment was terminated on February 24, 2004. Defendant neither admits nor denies the remainder of the allegations contained in the averment.

22. Deny.

23. Deny.

24. Defendant admits that Plaintiff was, as a person, respected and treated fairly, as would be the case with any of Defendant's employee. Defendant denies that Plaintiff was "valued and respected" in the economic context, however, inasmuch as Plaintiff's employment ended on account of her poor sales performance.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Defendant admits that a written notice, which is in Plaintiff's possession and which speaks for itself, was given to the Plaintiff on behalf of the Defendant at the time of her termination. Defendant denies the remainder of the allegations and characterization contained in the averment.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

## COUNT I
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## R.I.G.L. 42-112-1

38. Defendant's responses to the averments contained in Paragraphs 1 through 37, above, are incorporated herein by reference in their entirety.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

**WHEREFORE,** Defendant requests that this Court deny and dismiss Plaintiff's complaint, award Defendant its costs and enter judgment in Defendant's favor.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. Section 621, *et seq.*

43. Defendant's responses to the averments contained in Paragraphs 1 through 37, above, are incorporated herein by reference in their entirety.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

**WHEREFORE,** Defendant requests that this Court deny and dismiss Plaintiff's complaint, award Defendant its costs and enter judgment in Defendant's favor.

**COUNT III**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT AND RETALIATION BASED ON AGE AND GENDER AND DISABILITY**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. Section 28-5-1, et seq.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT AND RETALIATION BASED ON GENDER**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. Section 2002, et seq.**

53. Defendant's responses to the averments contained in Paragraphs 1 through 37, above, are incorporated herein by reference in their entirety.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

**WHEREFORE,** Defendant requests that this Court deny and dismiss Plaintiff's complaint, award Defendant its costs and enter judgment in Defendant's favor.

**COUNT V**
**AMERICANS WITH DISABILITIES ACT ("ADA")**
**42 U.S.C. Section 12117**
**Discriminatory Terms and Conditions of Employment**
**Discriminatory Termination/Retaliation**
**Failure to Accommodate**

59. Defendant's responses to the averments contained in Paragraphs 1 through 37, above, are incorporated herein by reference in their entirety.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and, therefore, denies same.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and, therefore, denies same. Defendant affirmatively avers that all employment decisions relating to the Plaintiff's employment were made for legal non-discriminatory reasons unrelated to any real or perceived disability from which Plaintiff may have suffered.

62. Deny.

63. Deny.

**WHEREFORE,** Defendant requests that this Court deny and dismiss Plaintiff's complaint, award Defendant its costs and enter judgment in Defendant's favor.

## <u>Affirmative Defenses</u>

1. Plaintiff's complaint fails to state a claim upon which relief may be granted by this Court.

2. This Court lacks subject matter jurisdiction over Plaintiff's claims.

3. Plaintiff was an "at will" employee of Defendant and as such had no legal expectation of continued employment with Defendant.

4. While Defendant denies any liability to the Plaintiff, Plaintiff has failed to mitigate her damages and is barred from recovering from Defendant.

5. Defendant's employment decisions with regard to Plaintiff were made for legitimate non-discriminatory reasons unrelated to any alleged real or perceived disability.

6. Defendant's employment decisions with regard to Plaintiff were made in good faith for legitimate non-discriminatory and reasonable factors other than Plaintiff's gender or age.

7. Plaintiff has failed to exhaust her administrative remedies with respect to any matters contained in her complaint that were not the subject of a timely charge of discrimination filed with the Rhode Island Commission for Human Rights.

8. Plaintiff may not maintain an action against Defendant for violation of her Civil Rights in lieu of or addition to an action pursuant to ADA under the facts as alleged by the Plaintiff.

9. Defendant asserts the affirmative defense of estoppel.

10. Defendant reserves the right to present such additional defenses as may become evident during the course of discovery in this case.

**WHEREFORE,** Defendant requests that this Court deny and dismiss Plaintiff's complaint, award Defendant its costs and enter judgment in Defendant's favor.

Defendant demands a trial by jury on all matters so triable.

DEFENDANT,
By its Attorneys
FITZHUGH, PARKER & ALVARO LLP

By: ______________________

Joseph M. Codega #3612
571 Pontiac Avenue
Cranston, RI 02910
Telephone: (401) 941-3220
Direct Dial: (401) 941-7778
Facsimile: (401) 941-3055
Dated: November 21, 2005

**CERTIFICATION**

I certify that a true copy of the within was mailed by regular first class mail, postage prepaid, on the 21st day of November, 2005, to:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903